Wang v. Lynch

BIA
A097 663 623

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand fifteen.

PRESENT:
>           REENA RAGGI,
>           PETER W. HALL,
>           DEBRA ANN LIVINGSTON,
>                   *Circuit Judges*.

_____

YA LING L. WANG, AKA YALING WANG,
>           *Petitioner*,

>           v.                                          13-4783
>                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
>           *Respondent*.

_____

FOR PETITIONER:          Yee Ling Poon, Robert Duk-Hwan Kim, New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ya Ling L. Wang, a native and citizen of China, seeks review of a November 25, 2013, decision of the BIA denying her motion to reopen proceedings. *In re Ya Ling L. Wang*, No. A097 663 623 (B.I.A. Nov. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Wang's motion for failure to establish her prima facie eligibility for relief. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Jian Hui Shao*, 546 F.3d at 168. Although record evidence indicated China's detention of some house church leaders and harassment of church members, the BIA reasonably found that the focus remains on house church leaders absent isolated occurrences. *See Jian Hui Shao*, 546 F.3d at 172; *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005). Moreover, despite the occasional harassment of house church members discussed in the country conditions evidence, harassment does not rise to the level of harm required for an asylum claim. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 322, 341 (2d Cir. 2006). Accordingly, the evidence does not show a reasonable possibility that Wang will be persecuted as a house church member.

To the extent Wang argues that her mother's letter shows a reasonable possibility that Wang will be persecuted, the BIA reasonably found that the letter was entitled to diminished weight because it was uncorroborated, written by an interested witness, and its reliability was particularly limited in light of Wang's prior adverse credibility

3

determination. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007). Even if given probative weight, the letter does not show that Chinese authorities are likely to discover Wang and persecute her for practicing Christianity because it only discusses the targeting of Wang's parents. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Wang's argument that the BIA applied an overly stringent standard when considering whether she showed her prima facie eligibility for asylum –- stating that there was no indication that she would "likely suffer" persecution, rather than finding that she did not show a "realistic chance" of eligibility –- is also unpersuasive. Despite its isolated use of unclear language, a review of the BIA's decision as a whole makes evident that the BIA simply faulted Wang for failing to show that she would even potentially be subject to persecution in China. Consequently, because the BIA applied the correct standard, there is no basis for remand.

Because the BIA's conclusion, that Wang did not show her prima facie eligibility for asylum, is dispositive of

her motion, we do not address her argument that the BIA abused its discretion in finding that she did not show materially changed country conditions. *Abudu*, 485 U.S. at 104-05; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk